# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES V. LACY, ET AL., | ) |
| | ) |
| Plaintiffs, | ) Civil Action Case No. |
| | ) 1:25-cv-1808-RDM |
| v. | ) |
| | ) |
| FEDERAL ELECTION COMMISSION, | ) JOINT STATUS REPORT |
| | ) |
| Defendant. | ) |

**PLAINTIFFS JAMES V. LACY, ET AL.'s AND DEFENDANT FEDERAL ELECTION COMMISSION'S JOINT STATUS REPORT RE: PROPOSED NEXT STEPS IN THE LITIGATION**

Pursuant to the Court's August 19, 2025 Order that the parties shall file a Status Report on or before September 2, 2025 proposing next steps for this litigation, Plaintiffs James V. Lacy, et al. ("Plaintiffs") and Defendant Federal Election Commission (the "FEC"), having met and conferred by and through their respective counsel, hereby file this Joint Status Report.

**Plaintiffs' position as to the next steps in the litigation** is as follows:

1. Insofar as the "FEC": (1) is "without a quorum and unable to authorize the defense of this action;" (2) is "without the authority to litigate the merits of [P]laintiffs' Complaint"[1]; and (3) has "fail[ed] to answer the Complaint by the Court's August 16, 2025 deadline,[2] a default should be entered[3] in favor of

---

[1] See FEC's "Notice of Lack of Quorum," filed July 22, 2025, Dkt. [12].
[2] See Dkt. [9] and Court's Minute Order filed August 19, 2025.
[3] Plaintiffs envision filing an "Affidavit in Support of Default."

1

Plaintiffs and against the FEC pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a).

2. After the FEC's default is entered, Plaintiffs would apply to the Court for a Default Judgment pursuant to FRCP 55(b)(2) and (d) and any applicable rules and procedures.

3. *In the alternative, to the extent the case is not resolved at the District Court level via the default process,* Plaintiffs would seek to conduct limited discovery, which would focus on the FEC's actions taken, or lack thereof, in connection with Plaintiffs' October 10, 2024 administrative complaint.[4] While the precise scope of the anticipated discovery has not yet been determined, Plaintiffs are considering, at least initially, taking the deposition (pursuant to FRCP 30, and specifically 30(b)(6)), and Local Civil Rule ("LCvR") 26.2 and 30.1) of the FEC's designated representative(s) on the issue of whether the FEC interviewed National Public Radio ("NPR") whistleblower Uri Berliner regarding NPR's well-documented bias against Republican candidates for President and in favor of Democratic candidates for President throughout the 2024 election cycle. This is especially important insofar as the FEC relied on the results of one or more of its 2016 decisions in rejecting Plaintiffs' administrative complaint, even though Berliner "blew the whistle" on the FEC on April 9, 2024, and Plaintiffs' administrative complaint was filed on October 10, 2024.

---

[4] See Dkt. [1], Exhibit 1 to the Complaint.

4.  The goal of the discovery would be to develop evidence that the FEC acted in an arbitrary and capricious manner when concluding that there was no "reason to believe" that NPR violated the Federal Election Campaign Act ("FECA").

5.  With the evidence Plaintiffs are expecting to obtain via the discovery process, they anticipate bringing a Motion for Summary Judgment pursuant to FRCP 56 and LCvR 7.

**The FEC's position as to the next steps in the litigation** is as follows:

The Commission is without a quorum and unable to authorize defense litigation in this case.  Therefore, the Commission is unable to assert or advocate a position on proposed next steps.

Dated: August 22, 2025                                    Respectfully submitted,

*/s/ Erielle Davidson*
Erielle Davidson (DCB# 90002903)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK,
PLLC 2300 N Street, N.W., Suite
643 Washington, DC 20037
(202) 737-8808
edavidson@holtzmanvogel.com

*/s/ Bradley W. Hertz*
Bradley W. Hertz (CAB# 138564)
*Admitted Pro Hac Vice*
LAW OFFICES OF BRADLEY W. HERTZ
22815 Ventura Blvd, #405
Los Angeles, CA 91364
 (818) 593-2949
brad@bradleyhertzlaw.com

*Attorneys for Plaintiffs*
*JAMES V. LACY, ET AL.*

3