IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES V. LACY, ET AL., | ) |
| Plaintiffs, | ) Civil Action Case No. 1:25-cv-1808-RDM |
| v. | ) |
| FEDERAL ELECTION COMMISSION, | ) |
| Defendant. | ) |

**PLAINTIFFS JAMES V. LACY, ET AL.'s OPPOSITION TO**
**NATIONAL PUBLIC RADIO, INC.'s MOTION FOR INTERVENTION**

For the reasons stated herein, Plaintiffs JAMES V. LACY, et al. ("Plaintiffs") oppose Proposed Defendant-Intervenor NATIONAL PUBLIC RADIO, INC.'s ("NPR") motion for intervention.[1]

---

[1] With respect to NPR's motion to dismiss – a copy of which is attached to its motion for intervention and which becomes operative only if NPR is granted permission to intervene – Plaintiffs reserve their right to oppose NPR's motion to dismiss if and when NPR becomes a Defendant-Intervenor.

## BACKGROUND AND INTRODUCTION

Plaintiffs James V. Lacy, United States Justice Foundation, Policy Issues Institute, and Alexander Tomescu ("Plaintiffs") bring this action [Dkt. 1 ("Complaint")] against Defendant Federal Election Commission ("FEC") pursuant to 52 U.S.C. § 30109(a)(8)(A) as a result of the FEC's erroneous dismissal[2] of Plaintiffs' October 10, 2024 administrative complaint against NPR. [Dkt. 1–1 ("Admin. Complaint.")]  In their administrative complaint, Plaintiffs claimed that NPR had engaged in "express advocacy" in support of Presidential candidates Joseph R. Biden and Kamala Harris in connection with the 2024 election and that therefore the FEC should commence an investigation into whether NPR is entitled to the "press exemption" under Federal Election Campaign Act ("FECA").

The administrative complaint specifically alleged that NPR was not a bona fide news organization; that NPR engages in "express advocacy"; that the Democratic Party exercises control over NPR; that NPR fails to operate like a typical news organization; and that NPR fails the Federal Court's press exemption framework. [Dkt. 1-1, pp. 3-6.] Attached to the administrative complaint was a 53-page report from Plaintiff United States Justice Foundation entitled "NPR Exposed: Why NPR Fails FEC Press Exemption." [Dkt. 1-1, pp. 8-61 ("USJF Report").]

---

[2] [Dkt. 13 "Notice of Filing of Certification of Votes")].  More specifically, the FEC General Counsel's office assigned the matter as "low priority" and recommended that the FEC Commissioners dismiss the Complaint "consistent with the Commission's prosecutorial discretion to determine the proper ordering of its priorities and use of agency resources." [Dkt. 19-7, p. 5]. The Commissioners later did so.  FEC legal staff should have assigned the matter a higher priority, especially given the open-source evidence available not only from the administrative complaint but also from NPR whistleblower Uri Berliner's significant  observations of NPR bias in a highly contested Presidential race.

The USJF Report highlighted multiple ways in which NPR violated the laws that exempt bona fide news organizations from being considered to have engaged in "express advocacy"—specifically 11 C.F.R. § 100.73.  The Report also highlighted the statements of NPR whistleblower Uri Berliner who, in April 2024, after having worked as an NPR journalist for 25 years, described extreme bias at NPR and how it had become a political operation to stop Donald Trump's 2024 Presidential campaign. [Dkt. 1, pp. 11-13; Dkt. 1-1, p. 11.]

After NPR responded to Plaintiffs' administrative complaint [Dkt. 19-6], the FEC dismissed the complaint [Dkt. 19-7].  Among the concerns Plaintiffs have as to the FEC's handling of the administrative complaint are: (1) the FEC relied on previous and outdated findings—in connection with the 2016 Presidential race—about NPR, rather than analyzing NPR's actions leading up to the 2024 election [Dkt. 19-7, p.4]; and (2) the FEC failed to interview NPR whistleblower Uri Berliner or NPR President and CEO Katherine Maher, both of whom are in possession of highly relevant and probative information that would been extremely useful to the FEC had it taken the administrative complaint seriously.

On June 9, 2025, Plaintiffs filed the instant lawsuit pursuant to 52 U.S.C. § 30109(a)(8)(A), which allows parties who are aggrieved by an FEC order that dismisses an administrative complaint to sue the FEC and seek judicial review of its actions.  The lawsuit alleges that the FEC's dismissal of the administrative complaint was arbitrary, capricious, and contrary to law and asks the Court to order the FEC to conform to the Court's findings.  If the Court grants the relief sought by Plaintiffs but the FEC fails to

3

comply with the Court's order, then—and only then—can Plaintiffs sue NPR via direct litigation (e.g. *Lacy, et al. v. NPR*). If the Court denies the relief being sought by Plaintiffs, Plaintiffs have the right to appeal that decision.

After being served with the Complaint, on July 22, 2025 the FEC's counsel informed the Court that the FEC "lacks a quorum and is without the authority to litigate the merits of Plaintiffs' Complaint." [Dkt. 12.] In response, the Court ordered the parties to file a status report proposing next steps for the litigation, which the parties filed on August 22, 2025. [Dkt. 15.] Before the Court was able to respond to the status report, NPR filed its intervention motion.

Against this backdrop, NPR seeks to intervene in this case as a Defendant-Intervenor and then to move to dismiss the case. For the reasons set forth herein, the Court should deny NPR's motion.

## ARGUMENT

The Court should deny NPR's motion to intervene in this case because NPR has not satisfied the requirements for intervention of right pursuant to Rule 24(a) or for permissive intervention under Rule 24(b).

### 1. NPR Does Not Satisfy the Requirements for Rule 24(a) Intervention.

Under Rule 24(a), a party is entitled to intervene as a matter of right if it (1) files a timely motion, (2) has a legally protected interest, (3) the lawsuit impairs that interest, and (4) the party's interests are not adequately represented. See *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003). Assuming arguendo that NPR has a legally protected interest and that the lawsuit impairs that interest, NPR still fails to satisfy two of

4

the four requirements: (1) that the motion must be timely; and (2) that the party's interests must not be adequately represented.

### A. <u>NPR's Motion for Intervention is Untimely Because it is Premature</u>.

"The timeliness of a motion to intervene must be judged in consideration of all the circumstances." See *Connecticut v. Dep't of Interior*, 344 F.Supp.3d 279, 304 (D.D.C. 2018). Taking into consideration all of the circumstances, NPR's motion is not timely because it is premature. Although timeliness is usually viewed in the context of improper delay that causes prejudice to a party, in this case NPR's motion is untimely in the sense that it is premature. In other words, the case has not progressed to a stage at which NPR's motion to intervene is appropriately heard. As the case plays out procedurally and it is determined whether and how the FEC will be represented by counsel, there may be a time when NPR's intervention motion would be timely. But that time is not now.

The FEC notified the relevant parties of its lack of a quorum on July 22, 2025, and the parties filed their required Joint Status Report on August 22, 2025. Instead of affording the Court an opportunity to act on the Joint Status Report by, for example, holding a Status Conference and determining how the case should proceed, NPR jumped the gun by filing its intervention motion on August 26, 2025—a mere four days after the Status Report was filed. Had NPR not acted so hastily, a number of events might have transpired that would have materially impacted the case, and particularly, NPR's rights.

First, the Court might have decided (and could still decide) to stay the case until the FEC is properly represented. Such representation could occur via the appointment of a

fourth FEC commissioner, which would restore a quorum and enable the FEC to provide guidance to its in-house counsel as to how to respond to the Complaint.

Second, the United States Attorney for the District of Columbia could represent the FEC in court. After all, the U.S. Department of Justice (DOJ), Civil Division represents the United States, its departments and agencies in civil matters and often work closely with the General Counsel's offices of Federal agencies.[3] Specifically, the Justice Department's Civil Division Federal Programs Branch represents Executive Branch federal agencies in civil litigation in district courts throughout the United States, especially in civil actions where the legality of government policies and decisions are challenged.[4]

Third, Plaintiffs could have sought (and would have been entitled to) a default judgment against the FEC, which would have given NPR its day in court as a defendant in the direct litigation.

### B. It is Too Early to Conclude That NPR's Interests are Not Adequately Represented.

In the same way that NPR's intervention motion is premature, it is also too early to conclude that NPR's interests are not adequately represented. There are several ways in which NPR's interests might be adequately represented, including: (1) if the case is stayed pending the appearance of attorneys with authority to represent the FEC; (2) if a quorum is restored among the FEC commissioners; and (3) if the U.S. Attorney's office steps in to

---

[3] *Civil Division: About the Civil Division*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/civil/about (last visited Sept. 30, 2025).
[4] *Civil Division: Federal Programs Branch*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/civil/federal-programs-branch (last visited Sept. 30, 2025).

litigate on behalf of the FEC. Because the Court has not yet had an opportunity to respond to the parties' Joint Status Report—perhaps by holding a status conference at which Plaintiffs' counsel and the FEC's counsel would appear and discuss the litigation's next steps with the Court—NPR has failed to satisfy the prong requiring that NPR's interests are not adequately represented.

Another way in which NPR's interests are adequately represented is by virtue of the fact that it has already presented its case to the FEC in response to Plaintiffs' administrative complaint, and the response is now part of the record of this case. [Dkt. 19-6]. In its 7-page response, NPR argued that it is a press entity; it is not controlled by a political party, political committee, or candidate; and it acted within its legitimate press function.

If the FEC ultimately prevails in this case, then NPR will not have suffered any injury because the direct litigation will not be able to proceed. On the other hand, if Plaintiffs prevail, then NPR will have its day in court as a defendant in the direct litigation. Either way, NPR's interests will be protected and thus there is no need for it to intervene in this case at this time.

### 2. NPR is Not Entitled to Rule 24(b) Permissive Intervention

NPR also fails to satisfy the requirements for permissive intervention under Rule 24(b). Courts often grant permissive intervention where a party: (1) files a timely motion; (2) has a defense that shares a common question of law with the main action; and (3) where the litigants will not be unduly prejudiced by the intervention. NPR fails to meet two of these three requirements. Assuming arguendo that NPR's defense shares a common question of law with this case, NPR's effort to be granted permissive intervention still fails

because it is untimely and Plaintiffs will be prejudiced by having to defend against the arguments of an improper intervenor.

For the reasons set forth above, NPR's motion is untimely because it is premature. Additionally, granting the motion will unduly prejudice Plaintiffs. Accordingly, the Court should not grant NPR permissive intervention.

## CONCLUSION

Based on the foregoing, the Court should deny NPR's motion to intervene. Such denial could be made without prejudice, so that as the case proceeds and more is known about the FEC's defense, NPR might be able to revisit intervention in the future.

DATED: September 30, 2025  Respectfully submitted,

/s/ *Erielle Azerrad*
Erielle Azerrad (DCB# 90002903)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, N.W., Suite 643
Washington, DC 20037
(202) 737-8808
edavidson@holtzmanvogel.com

/s/ *Bradley W. Hertz*
Bradley W. Hertz (CAB# 138564)
*Admitted Pro Hac Vice*
LAW OFFICES OF BRADLEY W. HERTZ
22815 Ventura Blvd, #405
Los Angeles, CA 91364
(818) 593-2949
brad@bradleyhertzlaw.com

*Attorneys for Plaintiffs*
JAMES V. LACY, ET AL.

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025 I electronically served a copy of the foregoing Opposition and related attachments on all counsel of record via the Court's CM/ECF system.

*/s/ Erielle Azerrad*
_____
Erielle Azerrad