IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                                )
JAMES V. LACY, ET AL.,          )
                                )
    Plaintiffs,                 )  Civil Action Case No. 1:25-cv-1808-RDM
                                )
  v.                            )
                                )
FEDERAL ELECTION COMMISSION,    )
                                )
    Defendant,                  )
                                )
and                             )
                                )
NATIONAL PUBLIC RADIO, INC.,    )
                                )
    Defendant-Intervenor.       )
                                )
_____  )

## PLAINTIFFS JAMES V. LACY, ET AL.'s REQUEST FOR JUDICIAL NOTICE

    In conjunction with Plaintiffs JAMES V. LACY, et al.'s ("Plaintiffs") opposition to Intervenor-Defendant NATIONAL PUBLIC RADIO, INC.'s ("NPR") motion to dismiss and pursuant to Federal Rule of Evidence 201(b), Plaintiffs respectfully request that the Court take judicial notice of the following documents:

    1.  The official transcript of the March 26, 2025 hearing of the United States Congress Subcommittee on Delivering on Government Efficiency of the Committee on Oversight and Government Reform, entitled "Anti-American Airwaves: Holding the Heads

1

of NPR and PBS Accountable" (the "Congressional Hearing Transcript") (https://www.congress.gov/119/chrg/CHRG-119hhrg59845/CHRG-119hhrg59845.pdf), a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference; and

2.  Article from *The Free Press* by then-NPR Editor and whistleblower Uri Berliner: entitled "I've Been at NPR for 25 Years.  Here's How We Lost America's Trust" (the "Berliner Article") (https://www.thefp.com/p/npr-editor-how-npr-lost-americas-trust)[1], as incorporated into the Congressional Hearing Transcript, a true and correct copy of which is attached hereto as Exhibit 2 and incorporated herein by reference.

## DISCUSSION

Federal Rule of Evidence (the "Rules") 201(b) sets forth the types of facts that may be judicially noticed.  "Courts may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Further, Rule 201(c) provides that "[t]he court . . . (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

In this case, the two documents of which this Court is being asked to take judicial notice squarely fit within the Rule 201(b)(2) and (c)(2) requirements.

As an official transcript of a Congressional subcommittee, the Congressional Hearing Transcript is not subject to reasonable dispute because it can be accurately and

---

[1] The two documents attached hereto were downloaded from the websites indicated on November 1, 2025.

readily determined from sources whose accuracy cannot reasonably be questioned. The source of the Congressional Hearing Transcript is Congress's website, www.congress.gov (specifically, https://www.congress.gov/119/chrg/CHRG-119hhrg59845/CHRG-119hhrg59845.pdf). As such, the accuracy cannot reasonably be questioned and the Court must take judicial notice of the Transcript.

The Berliner Article is incorporated into the Congressional Hearing Transcript (see Index of Documents, at page 4) and was formally introduced into the record by Texas Congressman Michael Cloud (see Transcript, at page 18).

When ruling on a motion to dismiss, courts may consider documents incorporated by reference and matters subject to judicial notice without converting the motion into one for summary judgment. *See In re Biogen Inc. Sec. Litig.*, 857 F.3d 342, 345-46 (D.C. Cir. 2017). Documents incorporated by reference include those that a complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

A court may take judicial notice of matters that fall into any of three categories: (1) matters that are generally known within the trial court's territorial jurisdiction, (2) matters that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and (3) matters that are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b).[2]

---

[2] These exceptions apply not only to motions to dismiss under Rule 12(b)(6), but also to motions brought under Rule 12(b)(1). (See *Poorsina v. Xiaosong Zhang*, 2021 WL 1222520, at *5 (N.D. Cal. Mar. 31, 2021) (when attacking subject matter jurisdiction under Rule 12(b)(1), "[a] court may . . . consider . . . documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment."

3

Here, the Court must take judicial notice of two sets of documents: (1) the Congressional Hearing Transcript; and (2) the Berliner Article.

**The Congressional Hearing Transcript**

Plaintiffs request that the Court consider the Congressional Hearing Transcript because it satisfies the requirements of Rule 201 and is incorporated by reference into Plaintiffs' Complaint.

The Complaint specifically alleges that "on March 26, 2025, [NPR's President and CEO Katherine] Maher testified under oath before Congress and admitted that NPR's leadership acknowledges it made mistakes in its coverage of the Hunter Biden laptop story. Maher also said that she regretted her 2020 tweets in which she described President Trump as a 'racist' and 'sociopath.'" *See* Complaint, at p. 14, ¶¶ 24(i).

Because the Congressional Hearing Transcript is a publicly available government document that is presumed authentic and capable of ready and accurate determination, *see Opperman v. Path*, 84 F.Supp. 3d 962, 976 (N.D. Cal. 2015)), courts routinely find that such documents are proper subjects of judicial notice. The Court must consider the Congressional Hearing Transcript in formulating its ruling on NPR's motion to dismiss.

**The Berliner Article**

Plaintiffs also request that the Court consider the Berliner Article, which was entered into the record during the Congressional hearing, which is publicly available online, and which is relevant to this Court's consideration of NPR's request for dismissal.

"Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*,

4

592 F.3d 954, 960 (9th Cir. 2010) ("Publicly accessible websites and news articles are proper subjects of judicial notice."). Judicial notice is proper where the "publications meet the standards for admissibility," *Von Saher* 592 F.3d at 960, *i.e.*, that the articles are "not subject to reasonable dispute" because they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(1) – (2).

The Berliner Article is a publicly available document, available on easily accessible websites, they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is properly subject to judicial notice. *See Ho v. Marathon Patent Grp., Inc*., 2022 WL 1600048, at *7 (C.D. Cal. Feb. 11, 2022) (taking judicial notice of news articles that contained sufficient indicia of authenticity, including "distinctive website designs, publication dates, page numbers, and web addresses").

Further the Complaint extensively cites to the Berliner Article, stating that among the observations Berliner made about NPR's bias are:

> 1) NPR, which purports to consider all things and once had an open-minded spirit, has lost America's trust and lost its way by telling listeners how to think.
> 2) The rise of NPR's advocacy took off with Donald Trump, whose election in 2016 was greeted with a mixture of disbelief, anger, and despair. What began as tough, straightforward coverage veered toward efforts to damage or topple Trump's presidency. Persistent rumors that the Trump campaign colluded with Russia over the election became the catnip that drove reporting. NPR hitched its wagon to Trump's most visible antagonist, Representative Adam Schiff (D-Calif.), who, as the top Democrat on the House Intelligence Committee, became NPR's guiding hand, its ever-present muse. NPR interviewed Schiff approximately twenty-

five times about Trump and Russia, and during many of those conversations, Schiff alluded to purported evidence of collusion. The Schiff talking points became the drumbeat of NPR news reports. But when the Mueller report found no credible evidence of collusion, NPR's coverage was notably sparse and "Russiagate" quietly faded from its programming.

3) In October 2020, the New York Post published an explosive report about the laptop Hunter Biden abandoned at a Delaware computer shop containing emails about his sordid business dealings. With the election only weeks away, NPR turned a blind eye, with its managing editor for news explaining: "We don't want to waste our time on stories that are not really stories, and we don't want to waste the listeners' and readers' time on stories that are just pure distractions." But it wasn't a pure distraction, or a product of Russian disinformation. The laptop did belong to Hunter Biden and its contents revealed his connection to the corrupt world of multimillion-dollar influence peddling and its possible implications for his father, Joe Biden. One of NPR's more talented journalists said that it was good that NPR wasn't following the laptop story because it could help Trump.

4) Having deemed the "lab leak" theory of COVID's origins to be "racist" or a "right-wing conspiracy theory," NPR reported that the theory of COVID escaping from a lab had been debunked by scientists when it had not. NPR refused to change course, even after the U.S. Department of Energy announced that a lab leak was the most likely explanation for the emergence of the virus. It can be surmised that labeling the more dominant theory amongst Republicans as "racist" and rejecting its plausibility outright, despite evidence to the contrary, was designed to demonize Republicans writ large.

5) In Washington, D.C., where NPR is headquartered and many of its reporters and staff live, Berliner noted that 87 registered Democrats and no Republicans were working in editorial positions.

Given the integral nature of the Congressional Hearing Transcript and the Berliner Article, and given that both of these documents qualify for judicial notice, Plaintiffs welcome the Court's ruling in favor of this Request for Judicial Notice.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court consider the Congressional Hearing Transcript and Berliner Article when adjudicating NPR's Motion to Dismiss.

DATED: November 3, 2025                    Respectfully submitted,

/s/ *Erielle Azerrad*
Erielle Azerrad (DCB# 90002903)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, N.W., Suite 643
Washington, DC 20037
(202) 737-8808
edavidson@holtzmanvogel.com


/s/ *Bradley W. Hertz*
Bradley W. Hertz (CAB# 138564)
*Admitted Pro Hac Vice*
LAW OFFICES OF BRADLEY W. HERTZ
22815 Ventura Blvd, #405
Los Angeles, CA 91364
(818) 593-2949
brad@bradleyhertzlaw.com

*Attorneys for Plaintiffs*
JAMES V. LACY, ET AL.

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025 I electronically served a copy of the foregoing PLAINTIFFS JAMES V. LACY, ET AL.'s REQUEST FOR JUDICIAL NOTICE and related attachments on all counsel of record via the Court's CM/ECF system.

*/s/ Erielle Azerrad*

_____

Erielle Azerrad